## GULF RESEARCH & DEVELOPMENT CO. et al. v. HARRISON, District Judge.
### No. 12667.

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1950.

458

Leonard S. Lyon, Leonard S. Lyon, Jr. and Richard E. Lyon, all of Los Angeles, Cal., for petitioners.

Hill, Farrer & Burrill, William M. Farrer, Los Angeles, Cal. (Worthington Campbell, Mark N. Donohue, and Campbell, Brumbaugh, Free & Graves, all of New York City, of counsel), for respondent.

Before STEPHENS, BONE and ORR, Circuit Judges.

ORR, *Circuit Judge.*

We have for determination a petition for a writ of mandamus to compel the Judge of the District Court for the Southern District of California to withdraw an order of transferral entered in a suit instituted by petitioners seeking damages for alleged patent infringement. In the suit, jurisdiction being conceded, venue was asserted under 28 U.S.C.A. § 1400 (b),[1] as interpreted in the light of 28 U.S. C.A. § 1391(c),[2] in Radio Corporation of America v. Paramount Pictures, Inc., 1950, U.S.D.C.S.D.Cal., No. 8070-WM (not reported), and Farr Co. v. Gratiot, D.C. S.D.Cal.1950, 92 F.Supp. 320. This case was ordered transferred, under 28 U.S. C.A. § 1406(a),[3] to the District Court for the District of Delaware, on the ground that the definition of corporate "residence" in § 1391(c) is not applicable to § 1400(b).

1. "§ 1400. Patents and copyrights
   * * *
   "(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

2. "§ 1391. Venue generally * * *
   "(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

3. "§ 1406. Cure or waiver of defects
   "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The order being not appealable,[4] the petitioners assert mandamus to be the sole remedy open to them.

The power of this court to issue mandamus can be exercised to protect its appellate jurisdiction. 28 U.S.C.A. § 1651. Thus, the writ will issue to compel an inferior court to proceed in an action which properly invokes that court's jurisdiction in order to prevent the inferior court, by inaction, from frustrating the legitimate appellate jurisdiction of this court.[5] Similarly, under the practice prior to the disabling legislation of 1875 and 1887, this court would review by mandamus an order of a district court remanding a removed case to a state court, because a remand put an end to all federal jurisdiction.[6]

In a recent case the Second Circuit asserted that the power of a Circuit Court to protect its appellate jurisdiction did not extend "to protecting it as against the jurisdiction of another federal court of equal jurisdiction, (and) that a suitor has (no) legally protected interest in having his action tried in any particular federal court, except in so far as the transfer may handicap his presentation of the case, or add to the costs of trial." Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir. 1950, 178 F.2d 866, 869. We do not hold that a circuit court would under no circumstances have power to review by mandamus an order transferring a case to the district court of another circuit. We are of the opinion that once a suitor has properly invoked federal jurisdiction in this circuit it is within our power, in extraordinary circumstances, to issue mandamus to prevent a grave miscarriage of justice.

Although we conclude that we have jurisdiction to issue the writ, it has been repeatedly held that: "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. * * * (T)hey have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. * * * As extraordinary remedies, they are reserved for really extraordinary causes." Ex parte Fahey, 1947, 332 U.S. 258, 259-260, 67 S. Ct. 1558, 1559, 91 L.Ed. 2041. In this case, no extraordinary circumstances have been called to our attention. Petitioner alleges nothing more than an erroneous application of the law. The error, if any, will be reviewable on appeal to the Court of Appeals for the Third Circuit, after final judgment has been entered.[7] Mandamus cannot be subverted to perform the function of an interlocutory appeal, over which we have no jurisdiction. The inconvenience of proceeding to what may be an unnecessary trial has long been recognized as one of the hardships of litigation in our judicial system, but such hardship does not measure up to the inconveniences which would result if piecemeal appeals were permitted. Accordingly, this inconvenience has consistently been held insufficient to justify mandamus.[8]

Nor have petitioners shown any peculiar hardship to be suffered as a result of this transfer. The record does not disclose the locality where the alleged infringement took place, but it is conceded that it did not occur in the Southern District of California. Hence, it does not ap-

4. Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d 866; cf. Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329.

5. Cf. McClellan v. Carland, 1910, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762.

6. See the discussion in Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., supra, note 4.

7. The alleged error is to be distinguished from that involved in Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949. The order reviewed in that case purported to transfer the case to a court which would not have jurisdiction over the parties. The error was therefore not merely potentially reversible error on appeal, but would render void any final judgment ultimately obtained, and may be regarded as analogous to a refusal to exercise effectively jurisdiction properly invoked.

8. Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185.

pear that a trial in Delaware would be more expensive or burdensome than a trial in California. We note further that petitioners, being three corporations, two incorporated in Delaware and one in Texas, have their principal places of business in California, Texas and Pennsylvania.

The Second Circuit, in Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., supra, rejected the contention that review of a transfer order on appeal after final judgment would not be an adequate remedy for the petitioners because prejudice of such transfer could not easily be shown, and that therefore mandamus should issue to prevent such a transfer. The contention is directed toward the desirability of permitting interlocutory appeals generally, but does not justify resort to the extraordinary remedy of mandamus. The remedy of appeal from a final judgment is "inadequate" so as to justify the use of mandamus only when it is totally unavailable, or when, because of the particular circumstances, it could not correct extraordinary hardship.

Petitioners have urged that the need for uniformity of interpretation of the Judicial Code within a given district justifies review by way of mandamus. We cannot agree that such a situation justifies resort to this extraordinary remedy. Such a determination may ultimately be required in a review of an order denying a change of venue.

Petition denied.