Melvin D. REUBER, Appellant,

v.

UNITED STATES of America, et al.

No. 85–5698.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 4, 1985.

Leonard E. Cohen and Frances E. Kanterman, Baltimore, Md., were on motion to dismiss.

Raymond D. Battocchi and Alfred F. Belcuore, Washington, D.C., were on opposition.

On Motion to Dismiss

Before GINSBURG, BORK and STARR, Circuit Judges.

Opinion Per Curiam.

PER CURIAM:

Defendant-appellee Litton Industries, Inc., successfully moved in the district court to dismiss plaintiff-appellant Reuber's claims against it for lack of personal jurisdiction. Litton would now block Reuber's appeal from that ruling on the ground that the district court's dismissal decision is not "final" within the meaning of 28 U.S.C. § 1291 ("courts of appeals ... shall have jurisdiction of appeals from all final decisions of district courts"). While dismissing the action as to Litton, the district court—pursuant to 28 U.S.C. § 1404(a)—transferred the case as to Litton's two co-defendants to the district court in Maryland. Litton contends that so long as a piece of the action originally lodged here remains pending adjudication against some defendant somewhere, Litton's own amenability to suit in this district must be held in limbo. We disagree and hold that Reuber is challenging a "final" decision; we therefore deny Litton's motion to dismiss the appeal.

■ The district court here has thoroughly disengaged itself from this case. No shred of the action remains pending for further adjudication in the District of Columbia; nothing is left over for our district court to rethink or revise. The posture of the litigation is therefore unlike the circumstances addressed in Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) concerns decisions made on fewer than all claims or parties while portions of the case are retained for further adjudication *in the decision-rendering forum.* In such situations, the decisions governing less than all claims or parties remain nonfinal; they continue to be "subject to revision" until the district court concludes its consideration of the entire case, unless the court

expressly determines there is no just reason for delay and expressly directs the entry of final judgment on particular claims or as to particular parties. Rule 54(b) surely does not instruct that Reuber must abide the outcome of the case now lodged *in another forum*—the Maryland district court—against other parties before pursuing in our circuit the question whether Litton may be sued here.

■ To recapitulate: When a district court has disassociated itself from a case in all respects, it has made its "final decision." That is what occurred in this case. Therefore, the issue whether personal jurisdiction over Litton lies in this district is ripe for our immediate review. The motion to dismiss Reuber's appeal is accordingly

*Denied.*