**John F. CHAPPLE, III, Plaintiff–Appellant,**

v.

**Bruce J. LEVINSKY, Charles Crosby & Son Inc., Bank Leu Ltd., Bank Leu Luxembourg S.A., Defendants–Appellees.**

**No. 1303, Docket 91–9296.**

United States Court of Appeals, Second Circuit.

Argued March 31, 1992.

Decided April 9, 1992.

Jerome F. O'Neill, Burlington, Vt. (Douglas L. Cade, O'Neill & Crawford, on the brief), for plaintiff-appellant.

John O. Mirick, Worcester, Mass. (Richard C. Van Nostrand, Charles B. Straus, III, Mirick, O'Connell, DeMallie & Lougee, on the brief), for defendants-appellees Bruce J. Levinsky and Charles Crosby & Son, Inc.

Gerald A. Novack, New York City (Peter Vaughan, Lord Day & Lord, Barrett Smith, New York City, R. Jeffrey Behm, Sheehey Brue Gray & Furlong, Burlington, Vt., on the brief), for defendant-appellee Banque Leu (Luxembourg) S.A.

Before KEARSE and MAHONEY, Circuit Judges, and METZNER, District Judge *.

PER CURIAM:

Plaintiff John F. Chapple, III, appeals from an order of the United States District Court for the District of Vermont, Franklin S. Billings, Jr., then-*Chief Judge*, (1) dismissing his complaint against defendants Charles Crosby & Son, Inc. ("Crosby"), Bank Leu Ltd. ("Ltd."), and Banque Leu (Luxembourg) S.A. ("S.A.") for lack of personal jurisdiction, and (2) transferring the action against defendant Bruce J. Levinsky to the United States District Court for the District of Massachusetts, for the convenience of the parties and the witnesses, pursuant to 28 U.S.C. § 1404(a) (1988). On appeal, Chapple contends (1) that the district court erred in concluding that it lacked personal jurisdiction over the three dismissed defendants, and (2) that transfer to the District of Massachusetts was improper because the action could not have been commenced originally in that district. For the reasons below, we do not reach the merits of Chapple's claims but dismiss the appeal for lack of appellate jurisdiction.

■ When the decision of the district court does not pertain to an injunction, a receivership, or a case in admiralty, *see* 28

* Honorable Charles M. Metzner, of the United States District Court for the Southern District of New York, sitting by designation.

U.S.C. § 1292(a) (1988), and is not an interlocutory order as to which we have granted leave to appeal, *see* 28 U.S.C. § 1292(b) (1988), the court of appeals lacks jurisdiction to hear the appeal unless the decision is a "final" order within the meaning of 28 U.S.C. § 1291 (1988). An order that adjudicates fewer than all of the claims remaining in the action or adjudicates the rights and liabilities of fewer than all of the parties is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties "upon an express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b).

 The dismissal of Chapple's complaint against Crosby, Ltd., and S.A. left pending Chapple's claim against Levinsky. The district court did not direct that a final judgment of dismissal be entered pursuant to Rule 54(b). Accordingly, those dismissals are not now appealable under § 1291.

■ Nor is the district court's transfer of venue to the District of Massachusetts appealable. An order transferring a civil action to another district for the convenience of the parties or witnesses pursuant to 28 U.S.C. § 1404(a) is an interlocutory order that is not appealable unless the question has been certified for immediate appeal in accordance with 28 U.S.C. § 1292(b). *See, e.g., Farrell v. Wyatt,* 408 F.2d 662, 665 (2d Cir.1969). No § 1292(b) certification having been entered in the present case, the district court's venue order is not appealable.

■ Chapple urges that we follow the approach taken by the District of Columbia Circuit in *Reuber v. United States,* 773 F.2d 1367 (D.C.Cir.1985), which, in circumstances similar to those here, ruled that because the district court had "disassociated itself from [the] case in all respects, it ha[d] made its 'final decision,'" thereby permitting the plaintiff to appeal from the order dismissing one of the defendants for lack of jurisdiction. *Id.* at 1368. The stated rationale of *Reuber,* however, would permit any simple order of transfer to another district or order of remand to a state court to be appealed immediately, and we decline to follow it. *Accord Carteret Savings Bank, FA v. Shushan,* 919 F.2d 225,

228–30 (3d Cir.1990). The fact is that neither an order dismissing fewer than all of the defendants without a Rule 54(b) certification, nor a § 1404(a) order transferring venue without a § 1292(b) certification and permission to appeal, is immediately appealable; we decline to rule that in combination both nonappealable orders somehow become immediately appealable.

This does not mean that the rulings of the district court dismissing Crosby, Ltd., and S.A., and transferring venue will never be reviewable. Any orders entered prior to the transfer order may eventually be reviewed by the court of appeals of the circuit to which the case has been transferred. *See, e.g., Magnetic Engineering & Manufacturing Co. v. Dings Manufacturing Co.,* 178 F.2d 866, 870 (2d Cir.1950); *see also In re Grand Jury Proceedings (Kluger),* 827 F.2d 868, 871 n. 3 (2d Cir.1987). And the transferee court is free, if it deems it appropriate, to enter a Rule 54(b) certification in order to permit an immediate appeal of the order dismissing those three defendants.

### CONCLUSION

We have considered all of Chapple's arguments in support of immediate appealability and have found them to be without merit. The appeal is dismissed for lack of appellate jurisdiction.