[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11104

_____

HAL JENKINS,
assignee of CLJ Healthcare, LLC,
CLJ HEALTHCARE, LLC,
as to certain non-assigned claims,

                              Plaintiffs-Appellants,

*versus*

PRIME INSURANCE COMPANY,
PRIME HOLDINGS INSURANCE SERVICES, INC.,
d/b/a Claims Direct Access,
DAVID MCBRIDE, ESQ.,
EVOLUTION INSURANCE BROKERS, LC,

                              Defendants-Appellees.

—————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01263-JPB

—————————————————

Before JILL PRYOR, GRANT, and MARCUS, Circuit Judges.

JILL PRYOR, Circuit Judge:

The appellants[1] seek review of the district court's order and judgment dismissing their claims against two of four defendants[2] in this lawsuit. Pursuant to 28 U.S.C. § 1404(a), the district court transferred the claims against the remaining defendants to the United States District Court for the District of Utah. The appellants assert that the order dismissing the claims against the two defendants is a final decision over which our Court has appellate

---

[1] The appellants, plaintiffs below, are Hal Jenkins as assignee of CLJ Healthcare, LLC, and CLJ Healthcare, LLC, as to its non-assigned claims.

[2] The appellees, defendants below, are Prime Insurance Company; Prime Holdings Insurance Services, Inc., d/b/a Claims Direct Access; David McBride, Esq.; and Evolution Insurance Brokers, LC. The defendants against whom the claims were dismissed are McBride and Evolution.

jurisdiction.[3] We disagree that we have jurisdiction and thus dismiss the appeal.

As a court of limited jurisdiction, we may exercise appellate jurisdiction only where "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). By statute, Congress has authorized us to review "final decisions of the district courts." 28 U.S.C. § 1291. A final decision "is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty.*, 947 F.3d 1362, 1370 (11th Cir. 2020) (internal quotation marks omitted). "To constitute a final decision, the district court's order generally must adjudicate all claims against all parties . . . ." *Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001).

Aside from final decisions, we have appellate jurisdiction over interlocutory orders through a limited number of pathways.

One such pathway is when a district court certifies the order for immediate appeal under 28 U.S.C. § 1292(b). To certify an

---

[3] The appellants assert that they appeal only the part of the district court's order and judgment dismissing McBride and Evolution from the lawsuit, not the part transferring the remaining claims to the district court in Utah. At the same time, they argue that the district court's decision to transfer the action is central to the jurisdictional analysis. Whether we view the district court's order and judgment in whole or in part makes no difference to our analysis or the result we reach.

interlocutory order for appeal, a district court must "state in writing" that its "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*; *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1255 (11th Cir. 2004) (observing that orders certified under § 1292(b) provide appellate courts with "discretion to exercise appellate jurisdiction").

Federal Rule of Civil Procedure 54(b) offers another pathway. Under Rule 54(b), a district court may enter an appealable judgment as to fewer than all claims or parties if the district court "expressly" determines that there is "no just reason for delay." *Id.; see Edwards v. Prime, Inc.*, 602 F.3d 1276, 1288–89 (11th Cir. 2010) (delineating the parameters of our appellate jurisdiction over judgments entered under Rule 54(b)).

The collateral order doctrine provides another pathway to appeal, in limited circumstances. *See SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1278 (11th Cir. 2021) (en banc). Under the collateral order doctrine, we have appellate jurisdiction over non-final orders that (1) "conclusively determine" a disputed question, (2) "resolve an important issue completely separate from the merits of the action," and (3) present a question that would "be effectively unreviewable on appeal from a final judgment." *Id.* (internal quotation marks omitted). "[N]on-final denials of immunity—e.g., qualified immunity, absolute immunity, and Eleventh Amendment immunity" are examples of the kind of orders we review

21-11104                Opinion of the Court                5

under the collateral order doctrine. *Id.* at 1282 (citing *Will v. Hallock*, 546 U.S. 345, 350 (2006)).

The district court's decision qualifies under no jurisdiction-conferring statute, rule, or doctrine. The district court dismissed the claims against two of four defendants and then transferred the remaining claims against the remaining defendants to another federal district. The district court issued no final decision within the meaning of § 1291 because it did not resolve all claims against all parties. *Corsello*, 276 F.3d at 1230. Nor did the district court certify its decision for appeal under § 1292(b) or enter a judgment "expressly" determining that there was "no just reason for delay" under Federal Rule of Civil Procedure 54(b). And the collateral order doctrine does not apply because the district court's order and judgment determined the merits of the dismissed claims. *See Battle*, 4 F.4th at 1278.

The appellants implicitly acknowledge that orders transferring claims to another federal district under 28 U.S.C. § 1404(a) are non-appealable interlocutory orders. *See Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("[T]ransfers under §§1404(a) and 1406(a) are non-appealable interlocutory orders."). But they argue that, combined with the dismissal of the claims against some defendants, the district court's decision to transfer the remainder of the action confers appellate jurisdiction because nothing remains for the transferring court to do.

The D.C. Circuit's decision in *Reuber v. United States*, 773 F.2d 1367 (D.C. Cir. 1985) provides some support for the

appellant's position. In *Reuber*, the plaintiff sued three defendants. *Id.* at 1368. The district court dismissed the action as to one defendant, concluding that the court lacked personal jurisdiction over that defendant, and transferred the case as to the remaining defendants to another federal district. *Id.* The plaintiff appealed the dismissal based on lack of personal jurisdiction. *See id.* In a three-paragraph opinion, the D.C. Circuit concluded that it had appellate jurisdiction, reasoning that the district court had "thoroughly disengaged itself from th[e] case" and nothing was "left over for [the] district court to rethink or revise." *Id.* Under those circumstances, the *Reuber* court concluded, the district court had rendered a "final" decision for the purposes of appellate jurisdiction. *Id.*

Like other courts since *Reuber* was decided, we do not find it persuasive. The Second Circuit disagreed with *Reuber*'s reasoning in *Chapple v. Levinsky*, 961 F.2d 372 (2d Cir. 1992). There, the Second Circuit confronted the same question—whether it had appellate jurisdiction over a district court's partial dismissal and transfer order. The Second Circuit expressly "decline[d] to follow" *Reuber*, observing that "[t]he stated rational of *Reuber* . . . would permit any simple order of transfer to another district or order of remand to a state court to be appealed immediately." *Id.* at 374. The panel concluded that it had no appellate jurisdiction over the district court's order because the district court entered no final judgment resolving all the claims against all the parties, nor any certification for appeal. *See id; see also Carteret Sav. Bank, F.A. v. Shushan*, 919 F.2d 225, 229–30 (3d Cir. 1990) (declaring that "we cannot

accept the reasoning in *Reuber*" and distinguishing the case). Even the D.C. Circuit has since found "gaps in [*Reuber*'s] reasoning" and declined to extend its holding to analogous cases. *See Hill v. Henderson*, 195 F.3d 671, 674, 678 (D.C. Cir. 1999) (finding no appellate jurisdiction over district court's order that dismissed one claim and transferred remaining claims to another federal district court).

We agree with the Second Circuit's analysis in *Chapple*. We have no jurisdiction unless it is conferred on us; "Congress has not given us the power to review interlocutory orders at will." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1231 (11th Cir. 2020). Without a final judgment, an interlocutory order certified for appeal, a Rule 54(b) order, or any other applicable pathway for review, we are without jurisdiction to consider this appeal and must grant the motion to dismiss it.

The appellants urge us to consider the likelihood that they will lose their right to appeal altogether because of our dismissal. Most circuits have concluded that litigants in the appellants' position could appeal the relevant interlocutory order to the court of appeals in the circuit with jurisdiction over transferee court once the transferee court issues an appealable order. *See id.* ("Most circuits to reach the question have concluded that they can review an out-of-circuit interlocutory decision so long as they have jurisdiction over the district court that issued the appealable decision." (collecting cases)). But, unlike other circuits, "the Tenth Circuit has held that it lacks jurisdiction to review interlocutory orders issued by an out-of-circuit district court, even when the appealable

decision comes from within its boundaries." *Id*. (citing *McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 954 (10th Cir. 1989)). The appellants contend that if we dismiss their appeal here, they will lose their chance to appeal the dismissal of the claims against McBride and Evolution because of the Tenth Circuit's rule. Notwithstanding the appellants' predicament,[4] we have no authority to create exceptions to the limits of our appellate jurisdiction.[5] We therefore must dismiss the appeal.

     DISMISSED.

---

[4] The appellants concede that they failed to request a Rule 54(b) judgment from the district court, an available pathway to appellate jurisdiction. *See Edwards*, 602 F.3d at 1288–89.

[5] At oral argument, the Court explored with both parties whether the appellants could render the dismissal order appealable in the Tenth Circuit by moving in the transferee court for reconsideration or for certification of the order under Rule 54(b). The parties agreed that either of these options would likely result in an appealable order that would allow the Tenth Circuit to review the issues first decided by the district court in Georgia and urged again in the district court in Utah. We express no view on the merits of this approach. We note, however, that the appellees represented they would "not present the argument" that either the district court in Utah or the Tenth Circuit lacked the authority to consider the dismissed claims. Oral Argument at 20:26–20:50.