[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 25-11156

Non-Argument Calendar

————————————————

ERIC A. KNAPP,
on behalf of himself and all other Florida
citizens similarly situated,

                                                    Plaintiff-Appellant,

*versus*

VGW HOLDINGS LIMITED,
VGW MALTA LIMITED,
VGW LUCKYLAND INC,
VGW GP LIMITED,
FIDELITY NATIONAL INFORMATION SERVICES, INC.,
a Florida corporation, et al.,

2                    Opinion of the Court                    25-11156

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00413-CEM-DCI

_____

Before JILL PRYOR, NEWSOM, and KIDD, Circuit Judges.

PER CURIAM:

Eric A. Knapp appeals from the district court's February 6, 2025, order, which transferred some of his claims to the District of Delaware under 28 U.S.C. § 1404(a) and dismissed the rest. He also appeals the March 12, 2025, order denying reconsideration of the February 6 order. We lack jurisdiction over this appeal.

The district court did not certify either order for appeal, meaning they must be either final or reviewable under the collateral order doctrine to be appealable. *See* Fed. R. Civ. P. 54(b); 28 U.S.C. § 1292(b); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Transfer orders based on § 1404(a) are neither final nor appealable under the collateral order doctrine because they can be effectively raised in an appeal from the final judgment, and because the parties challenging them can move to re-transfer their cases. *See Dobard v. Johnson*, 749 F.2d 1503, 1506-07 & n.7 (11th Cir. 1985).

The dismissals and the denial of Knapp's motion for reconsideration are not final or appealable either because they did not resolve all his claims and because the dismissals are not separate from the merits of the action. *See* 28 U.S.C. § 1291; *CSX Transp., Inc.*, 235 F.3d at 1327 ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that an order that disposes of fewer than all claims of all parties is not final); *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1347 (11th Cir. 2022) ("[T]he collateral order doctrine does not apply because the district court's order and judgment determined the merits of the dismissed claims."). In short, we cannot review an order that dismisses some claims and transfers the other claims. *See Jenkins*, 32 F.4th at 1346-47 (rejecting argument that "combined with the dismissal of the claims against some defendants, the district court's decision to transfer the remainder of the action confers appellate jurisdiction because nothing remains for the transferring court to do").

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.