

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2007

# Bailey-El v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bailey-El v. Fed Bur Prisons" (2007). *2007 Decisions.* Paper 521.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/521

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4807
_____

RONALD GEORGE BAILEY-EL,

Appellant

v.

FEDERAL BUREAU OF PRISONS;
GENERAL COUNSEL OF THE FEDERAL BUREAU OF PRISONS;
ALAN ROTACH, General Counsel Member;
TAMARA CHRISTLER, General Counsel Member;
DOMINIQUE RANA, General Counsel Member;
HARRELL WATTS, National Inmate Appeals Administrator;
MICKEY RAY, Regional Director, N.E. Region BOP;
KIM M. WHITE, Former Warden of FCI Fairton, Current Regional Director,
Mid-Atlantic Region, BOP; TYRONE REYNOLDS, Warden of Education, FCI Fairton;
FNU CAFIERRTES, FCI Fairton;
ELIZABETH SKEDZIELEWSKI, Supervisor of Education, FCI Fairton;
DARLA LIVINGSTON, FCI Fairton, Education Technician;
MELISSA SMITH, FCI Fairton, Education Technician;
JANE DOES, I. Employee of N.J. State Library;
D. G. GOTTELIEB, Mid-Atlantic Region;
BOBBY G. COMPTON, Warden, USP Lee County;
DALE RUPPERT, Systems Manager, USP Lee County;
JONI L. BADGER, Assistant Systems Manager, USP Lee County;
FNU TEETERS, Officer, Mailroom Clerk, USP Lee County;
FNU BATTHOFF, Officer, Mailroom Clerk, USP Lee County;
FNU SNODENGRASS, Officer, Mailroom Clerk, USP Lee County;
JERRY JONES, Associate Warden, USP Lee County;
WAYNE SMITH, Unit Manager, USP Lee County;
JESSICA JONES, Counselor, USP Lee County AND ALL USP LEE MAILROOM
CLERKS

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05780)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
August 28, 2007

Before:  RENDELL, HARDIMAN AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed: August 29, 2007)

_____

OPINION

_____

PER CURIAM

Ronald George Bailey-El, a former federal prisoner, filed an action pursuant to

<u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), against the Federal Bureau

of Prisons (the "BOP"), the General Counsel of the BOP, and certain employees of the

United States Penitentiary in Virginia ("USP Lee") and of the Federal Correctional

Institute at Fairton, New Jersey ("FCI Fairton").  Bailey-El originally filed the action in

the United States District Court for the District of Columbia while he was incarcerated at

USP Lee.  He alleged that employees at FCI Fairton denied him access to the law library

and had him transferred to USP Lee in retaliation for his filing complaints against them.

He claimed that the USP Lee defendants opened all of his legal mail outside of his

presence and denied him access to a telephone to call his attorney.

2

The District Court in Washington, D.C., dismissed sua sponte Bailey-El's claims against twenty-seven of the named defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] The action against the remaining defendants was transferred to the United States District Court for the District of New Jersey at Bailey-El's request.[2] After the action was transferred, the defendants filed a motion to dismiss pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure, which the New Jersey District Court granted, dismissing Bailey-El's Bivens complaint for failure to exhaust the retaliatory transfer claim, lack of personal jurisdiction over the USP Lee defendants, and lack of standing to pursue his law library claim. This appeal followed.[3]

Bailey-El argues that the District Court erred in dismissing his retaliatory transfer claim for failure to exhaust administrative remedies. Our review of the District Court's

---

[1] The District Court dismissed all claims against John Ashcroft, BOP Director Lappin, BOP Northeast Regional Director Ray and twenty-three members of the General Counsel's Office for failure to state a claim upon which relief can be granted, and dismissed his claim against the BOP's National Appeals Administrator, Harrell Watts, as barred by the doctrine of quasi-judicial immunity.

[2] The Defendants filed a motion to dismiss the action or, alternatively, to transfer it to the Western District of Virginia. Bailey-El opposed the motion, requesting that the case be transferred to the District of New Jersey.

[3] The District Court dismissed the complaint without prejudice. Appeal from a dismissal without prejudice is permitted under 28 U.S.C. § 1291, when a plaintiff declares his intention to stand on his complaint or when he cannot cure the defect in his complaint. Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002) (quoting Booth v. Churner, 206 F.3d 289, 293 n. 3 (3d Cir. 2000) aff'd 532 U.S. 731 (2001)). Here, Bailey-El cannot cure the defects in his Complaint as to personal jurisdiction, exhaustion, and standing. Therefore, the dismissal without prejudice is effectively a final order and this Court may consider Bailey-El's appeal.

dismissal of the <u>Bivens</u> claim for failure to exhaust administrative remedies is plenary.

See <u>Jenkins v. Morton</u>, 148 F.3d 257, 259 (3d Cir. 1998).  The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "*until* such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  The PLRA mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2387 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." <u>Id</u>. at 2386.  "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." <u>Id</u>. at 2388.

Bailey-El argues that he exhausted the retaliatory transfer claim "pursuant to 28 C.F.R. § 542.14(c)(2)."  Appellant's Brief, 19.  Section 542.14(c)(2) governs the form of the initial grievance.  It allows the inmate to place a single complaint or a reasonable number of closely related issues on one grievance form, but provides that if the inmate includes unrelated issues, "the submission will be rejected and returned without a response."  Bailey-El asserted in District Court that the retaliatory transfer claim was related to his law library claim. <u>See</u> Plaintiff's Opposition to Defendants' Motion to dismiss or, in the alternative, motion to transfer venue," at 16.  According to Bailey-El, he

couldn't include the retaliation issue in the initial law library informal complaint (grievance # 283554), because the transfer had not occurred. He argues that his first opportunity to raise the issue was in the regional appeal of grievance # 283554-R1 and in a re-submission of that appeal in # 283554-R2.[4] Id.

The government contends that the retaliatory transfer claim is not "properly" exhausted because Bailey-El failed to follow the BOP's procedural requirements for appeals under 28 C.F.R. § 542.15(b)(2). We agree. The rule, which governs appeals of grievances, provides, in pertinent part, that "[a]n inmate may not raise in an Appeal issues not raised in the lower level filings." The rule applies to all new issues, whether they are related to the underlying appeal or not. Bailey-El should have raised the retaliatory transfer claim in a new informal complaint on the institutional level once he was at USP-Lee. He did not do so, however, and thus, the District Court correctly ruled that Bailey-El's retaliatory transfer claim was procedurally defaulted.[5]

Relying on Thomas v. Woolum, 337 F.3d 720, 726-27 (6th Cir. 2003), Bailey-El argues that the District Court should have held that the claim was properly exhausted

---

[4] Neither the original grievance nor the regional appeals are included in the record. We will assume for purposes of this appeal that Bailey-El raised the retaliatory transfer claim in his regional appeals of # 283554.

[5] We note that, on December 23, 2002, Bailey-El attempted to add his retaliatory transfer allegation to the appeal of another grievance, # 280929, at the final review stage (Exhs. B & D, Supp. Appx.). On February 10, 2003, the BOP Central Office declined to review the retaliation claim, stating that Bailey-El must file a grievance at the institutional level first. (Exh. B, at p. 11).

5

regardless of whether he complied with the grievance system's procedural requirements with respect to grievance #283554. Woolum, however, was abrogated by Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006). Bailey-El cites no circumstances, and we find none on this record, that warrant excusing his procedural default. See Williams v. Beard, 482 F.3d 637, 640 (3d Cir. 2007). Accordingly, the District Court properly dismissed Bailey-El's Bivens claim for failure to exhaust administrative remedies.

Turning to the law library claim, Bailey-El maintains that the District Court erred in dismissing the claim for lack of standing because he sufficiently alleged actual injury under Lewis v. Casey, 518 U.S. 343 (1996). The Complaint identifies the civil rights action, Bailey-El v. City of Baltimore, et al., Civ. A. No. 02-0213 (D. Md.), in which Bailey-El alleges he was actually injured. Bailey-El claimed that he was injured when he was forced to voluntarily dismiss his appeal in C.A. No. 02-7106 in the Fourth Circuit Court of Appeals after missing the deadline for filing his informal brief. Complaint, ¶¶ 94-96. Bailey-El's voluntary dismissal of the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure was without prejudice, however, and thus, we agree with the District Court that he suffered no actual injury. We note parenthetically that Bailey-El had the option of requesting an extension of time within which to file his informal brief, but apparently chose to voluntarily dismiss the appeal instead.

For substantially the same reasons set forth in the District Court's opinion, we reject Bailey-El's contention that personal jurisdiction exists with respect to the USP Lee

6

defendants.[6]  As the District Court correctly noted, there is no provision for nationwide

service of process under 28 U.S.C. § 1915(d) and none of the USP Lee defendants has

sufficient "minimum contacts" with New Jersey to confer personal jurisdiction.

The District Court for the District of Columbia dismissed Bailey-El's complaint

against Harrell Watts, the National Inmate Appeals Administrator for the BOP, holding

that Watts enjoyed quasi-judicial immunity.[7]  Bailey-El argues that the District Court

should have conducted a qualified immunity analysis under Cleavinger v. Saxner, 474 U.S.

193, 206-07 (1985) (holding that prison disciplinary hearing committee members are

entitled to qualified immunity).  We need not decide whether the doctrine of qualified

immunity applies in Watts's case because we conclude that Bailey-El's claims that Watts

wrongly denied his administrative appeals does not allege a viable constitutional violation.

The allegations against Watts are wholly speculative as the Complaint asserts

contradictory allegations that Watts's actions were both knowing and intentional and, at

the same time, unknowing and grossly negligent.

We have thoroughly reviewed Bailey-El's remaining arguments on appeal and find

---

[6]  We note Bailey-El sought transfer to the District of New Jersey, and thus, he
accepted the risk that that court would not have personal jurisdiction.

[7]  We have jurisdiction to consider the orders of the District Court for the District of
Columbia entered before the matter was transferred to the District of New Jersey.  See
Chapple v. Levinsky, 961 F.2d 372, 374 (2d Cir. 1992)(explaining that, although the
Court of Appeals had no jurisdiction to review a non-final order transferring venue, it
could eventually review any orders entered prior to the transfer order after final judgment
was entered).

them to be meritless.  We note only that an amendment would have been futile because it would not have corrected the deficiencies in the complaint with respect to exhaustion, standing, and jurisdictional issues.  In any event, Bailey-El had more than ample opportunity to amend his complaint after he received the defendants' first motion to dismiss filed in the District of Columbia in 2004.

For the foregoing reasons, we will affirm the judgment of the District Court. Appellant's request for monetary sanctions is denied.