Kirk S. CORSELLO, Plaintiff–
Appellant,

v.

LINCARE, INC., Lincare Holdings,
Inc., et al., Defendants–
Appellees.

No. 01–11968.

United States Court of Appeals,
Eleventh Circuit.

Dec. 20, 2001.

Mike Bothwell, Roswell, GA, Scott A. Powell, Don McKenna, Hare, Wynn, New-

**1230**

ell & Newton, Birmingham, AL, James B. Helmer, Frederick M. Morgan, Jr., Helmer, Martins & Morgan Co., LPA, Cincinnatti, OH, for Plaintiff–Appellant.

James P. Kelly, Kelly Law Firm, P.C., John E. Floyd, H. Lamar Mixson, Lynn M. Adam, Bondurant, Mixson & Elmore, LLP, John G. Malcolm, Atlanta, GA, Robert L. Harding, Orlando, FL, Martha Purcell Rogers, Harold Glenn Belkowitz, Ober, Kaler, Grimes & Shriver, Washington, DC, for Defendants–Appellees.

Daniel Alexander Caldwell, III, Atlanta, GA, for Amicus Curiae U.S.

Before EDMONDSON, DUBINA and COX, Circuit Judges.

PER CURIAM:

In this *qui tam* action, Kirk S. Corsello alleges that several defendants presented false claims to the United States government in violation of 31 U.S.C. § 3729(a)(1)-(3) and terminated his employment in violation of 31 U.S.C. § 3730(h). The district court dismissed Corsello's complaint with prejudice as to all of the defendants but Rotech, Inc., which had previously filed a notice of bankruptcy resulting in an automatic stay pursuant to 11 U.S.C. § 362. Corsello appeals. On appeal, we raised sua sponte the issue of whether, in light of the automatic stay as to Rotech, the district court's order constituted a final decision sufficient to confer appellate jurisdiction on this court under 28 U.S.C. § 1291. We informed counsel for the parties to be prepared to discuss this issue at oral argument. Having now heard argument, we conclude that we lack jurisdiction to consider the merits of this appeal.

Absent the application of some exception, this court only has jurisdiction to hear appeals from "final decisions of the district courts." 28 U.S.C. § 1291. To constitute a final decision, the district court's order generally must adjudicate all claims against all parties, thereby ending the litigation. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981); *Beluga Holding, Ltd. v. Commerce Capital Corp.*, 212 F.3d 1199, 1200 (11th Cir.2000).

In this case, the district court did not adjudicate Corsello's claims against Rotech, and thus, there is no appealable final decision. Although the district court clearly dismissed Corsello's complaint with prejudice as to all of the other defendants, it did not dismiss the complaint as to Rotech. Rotech was not a party to any of the motions resolved by the district court's order, and that order specifically mentions the bankruptcy stay applicable to Rotech. In short, the district court did not purport to make any ruling at all with regard to Corsello's claims against Rotech. Thus, Rotech is still a party to this lawsuit, and Corsello may prosecute his claims against Rotech when the bankruptcy court lifts the automatic stay. Because the district court's order did not end this litigation, it does not constitute a final decision, and we lack jurisdiction over this appeal. *See Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 786 (3d Cir.1993); *Willhelm v. Eastern Airlines, Inc.*, 927 F.2d 971, 972–73 (7th Cir.1991).

APPEAL DISMISSED FOR WANT OF JURISDICTION.