[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12045
Non-Argument Calendar
_____

D. C. Docket No. 06-00207-CV-BAE-4

LAMAR WHITE,

Plaintiff-Appellant,

versus

DANNIE THOMPSON,
SHERIFF QUINTON RUSH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 7, 2008)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Lamar White, a state prisoner proceeding *pro se*, appeals the district court's dispositive order granting summary judgment to the defendants on all claims[1] raised in his 42 U.S.C. § 1983 action. In his complaint, White named as defendants Dannie Thompson, warden of Coastal State Prison (CSP) in Garden City, Georgia; Quinton Rush, Tattnall County Sheriff; and James Donald, Commissioner of the Georgia Department of Corrections (DOC). White alleged the defendants falsely imprisoned him, in violation of his due process rights, by transferring him from Tattnall County Jail to CSP.

White was convicted in 2000 on state drug and theft charges in case number 99-R-84, but the state court granted him an appeal bond. White remained free until 2005, when he was arrested based on an outstanding bench warrant in another state criminal case, number 2001-R-171. Initially, he was detained at Tattnall County Jail, but the DOC took custody of him and transferred him to CSP on July 12, 2005, where he remained until January 20, 2006, when he was transferred back to

---

[1] Although the district court did not explicitly state it granted summary judgment with respect to all claims, the record demonstrates it intended its order to cover all claims, based on its entry of final judgment. *See United Steelworkers of Am. v. USX Corp.*, 966 F.2d 1394, 1399 (11th Cir. 1992). Moreover, its order granting summary judgment implicitly covered all claims because it referred to the defendants' summary judgment motions, which addressed all claims made by White. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 962 n.5 (11th Cir. 2008). Thus, we conclude the district court's order granting summary judgment to the defendant constituted a final decision because it adjudicated all remaining claims against all defendants, and we have appellate jurisdiction over the case. *See Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001); 28 U.S.C. § 1291.

county jail. During his stay at CSP the charges in case number 2001-R-171 were pending, and they were not dismissed until July 31, 2006.

The district court concluded no due process violation occurred. White asserts the district court erred in granting the defendants' motions for summary judgment because evidence demonstrated he should not have been detained at CSP. Specifically, he asserts he should have been free on appeal bond in case number 99-R-84, and therefore, his detention at CSP was improper and a violation of his due process rights.[2]

We review *de novo* the district court's grant of a motion for summary judgment, viewing all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir. 1994). In order to prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must show that: (1) a person acting under color of state law; (2) deprived him of a right secured by the Constitution. 42 U.S.C. § 1983. "A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). Thus, in order to

---

[2] By failing to either reference his state law claims or brief the issue, White has abandoned any challenge to the district court's implicit rejection of those claims. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), *cert. denied* __ S. Ct. __, 2008 WL 2076425 (U.S. Oct. 6, 2008).

establish a constitutional false imprisonment claim, a plaintiff must demonstrate a violation of his due process rights. *See id.*

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause protects a person's right to procedural due process, and a violation of that right may form the basis of a suit under § 1983. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc). With any procedural due process challenge, however, a court must first determine whether the injury claimed by the plaintiff is within the scope of the Due Process Clause. *Kirby v. Siegelman*, 195 F.3d 1285, 1290 (11th Cir. 1999).

A state prisoner's transfer from one prison to another does not directly implicate the Due Process Clause. *See Moody v. Daggett*, 97 S. Ct. 274, 279 n.9 (1976). Specifically, the Supreme Court has held that, although a transfer from a prison to a mental hospital implicated the prisoner's liberty interest, a transfer from a state prison to an out-of-state prison did not do so. *Olim v. Wakinekona*, 103 S. Ct. 1741, 1745 (1983). The Court noted that confinement in a mental hospital was qualitatively different than confinement in a prison, and commitment to a mental hospital "was 'not within the range of conditions of confinement to which a prison

sentence subjects an individual.'" *Id.* (quoting *Vitek v. Jones*, 100 S. Ct. 1254, 1264 (1980)).

A liberty interest, which is protected by the Due Process Clause, also may arise from a state statute or regulation. *See Bass v. Perin*, 170 F.3d 1312, 1318 (11th Cir. 1999). Even when a liberty interest is implicated, a plaintiff must demonstrate that the alleged deprivation arose from conduct beyond mere negligence in order to establish the deprivation of a constitutional right. *Daniels v. Williams*, 106 S. Ct. 662, 664 (1986). To establish a due process violation, a plaintiff must show the defendant acted, at least, with deliberate indifference to his due process rights. *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007). Accordingly, the plaintiff must show the defendant: (1) had subjective knowledge of a risk of serious harm; and (2) disregarded that risk; (3) by conduct that is more than mere negligence. *Id.*

The deliberate indifference standard is difficult for a plaintiff to meet. *Id.* In *West*, the plaintiff prisoner argued he complained to a defendant prison worker in writing about his alleged over-detention in the prison, although he did not offer specific details of the communications or copies of the complaints. *Id.* at 1328. We held the prison worker's failure to follow up on that inquiry was, at most, negligence and did not show a due process violation of the prisoner's rights. *Id.*

5

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A supervisor may be individually liable under § 1983 only when: (1) "the supervisor personally participates in the alleged unconstitutional conduct;" or (2) "there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* A causal connection is established when: (1) the supervisor was on notice, by a history of widespread abuse, of the need to correct a practice that led to the alleged deprivation, and he failed to do so; (2) the supervisor's policy or custom resulted in deliberate indifference; or (3) the supervisor directed the subordinate to act unlawfully and failed to stop the unlawful action. *Id.*

In order to be held liable under § 1983 in an official capacity, the plaintiff must show the deprivation of a constitutional right resulted from: "(1) an action taken or policy made by an official responsible for making final policy in that area of the [governmental entity's] business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994). Only a final policymaker may be held liable in an official capacity. *Id.* at 1342.

6

The district court did not err in granting the defendants summary judgment on White's § 1983 due process claims. First, White's transfer from a Tattnall County jail to the Georgia DOC-run CSP did not directly implicate the Due Process Clause. White was properly detained, based on the bench warrant in case number 2001-R-171, during his entire stay at CSP from July 2005 to January 2006, and he was not falsely imprisoned based on his mere detention.

The primary issue regarding his § 1983 claim was whether his due process rights were violated based on his confinement in a DOC facility rather than a Tattnall County facility. The transfer of White from a county jail facility to a DOC facility during his pre-trial detention in case number 2001-R-171 did not implicate the due process clause. Notably, he did not present any evidence his detention at the DOC facility was qualitatively different from his detention in the county facility.[3] Case number 2001-R-171 progressed in county court and he attended related court hearings during his DOC detention. Therefore, White did not produce evidence of a constitutional due process violation in this regard.

Even assuming White's transfer to the DOC facility directly implicated the Due Process Clause or involved a violation of state law, White did not produce evidence that any of the defendants were deliberately indifferent to his right to

_____

[3] Georgia law explicitly contemplates the Georgia DOC may, in some situations, detain an inmate pursuant to a pending criminal indictment or accusation. *See* O.C.G.A. §§ 42-6-1to 5.

7

remain free from detention by the DOC in case number 99-R-84. White presented no evidence that he made Donald or Rush aware of the possible error in his transfer to the DOC, or that they otherwise were aware of the possible error. Although White testified he told Thompson that he was being illegally detained, no evidence showed he substantiated that complaint to Thompson. Thus, Thompson was, at most, negligent for not following up on White's oral complaint of illegal detention. Because White failed to present evidence the defendant's actions related to his transfer to a DOC facility went beyond mere negligence, the defendants were entitled to summary judgment in that regard.

Finally, to the extent White raised any due process claims regarding supervisory or official capacity liability, the defendants were entitled to summary judgment on those claims.[4] White did not present any evidence the defendants caused the alleged due process deprivation based on their actions as supervisors. Moreover, no evidence showed that a practice, policy, or custom at the Georgia DOC, CSP, or Tattnall County Sheriff's Office led to the alleged deprivation. Rather, the evidence indicated White's improper transfer to the CSP was an isolated error that occurred because a county clerk failed to notify the DOC that

---

[4] We note the district court granted Thompson judgment on the pleading on any official capacity claim against him. White has not asserted any error regarding that decision on appeal, and thus, he has abandoned the issue. *See Timson*, 518 F.3d at 874.

8

White received an appeal bond in case number 99-R-84, after the clerk properly notified the DOC of White's conviction and sentence in that case. Therefore, the defendants were not liable as supervisors or in their official capacities.

Thus, the district court did not err in granting the defendants' motions for summary judgment on White's due process claims, and we affirm the district court's decision.

**AFFIRMED.**