[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 20-12143

Non-Argument Calendar

————————————————

MARQUICE D. ROBINSON,

Plaintiff-Appellant,

*versus*

AKAL SECURITY, INC.,
THE UNITED STATES MARSHALS SERVICE,
by and through U.S. Attorney General,
MICHAEL HOLMAN,

Defendants-Appellees.

————————————————

2                    Opinion of the Court                    20-12143

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cv-03658-WMR

_____

_____

No. 20-13479

Non-Argument Calendar

_____

MARQUICE D. ROBINSON,

                                             Plaintiff-Appellant,

*versus*

AKAL SECURITY, INC.,
THE UNITED STATES MARSHALS SERVICE,
by and through the U.S. Attorney General,
MICHAEL HOLMAN,

                                             Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cv-03658-WMR

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Marquice Robinson appeals the district court's judgment in favor of two out of three defendants in his lawsuit alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 and raising state-law claims of assault and battery, defamation, and false light invasion of privacy. He also challenges the district court's rulings on his pre-judgment motions for sanctions and his post-judgment motion for reconsideration. On appeal, Robinson asks this Court to impose sanctions against the appellees and their counsel for alleged misconduct and fraud upon the Court during the appeal proceedings. Two of the appellees, in turn, seek attorneys' fees incurred in responding to Robinson's motion for sanctions. They also move to strike one of Robinson's filings.

We lack jurisdiction to consider the merits of the appeal because the district court improperly certified its partial judgment as final under Rule 54(b) of the Federal Rules of Civil Procedure. We therefore dismiss the appeal.

We have jurisdiction over collateral matters, however, including the parties' motions for sanctions and attorneys' fees and the appellees' motion to strike. Because the conduct complained of is not so egregious as to warrant sanctions or attorneys' fees, we deny the pending motions. And because Robinson's extra "response" to the appellees' motion for attorneys' fees was not

allowed under this Court's rules, we grant the appellees' motion to strike it.

## I.

Robinson filed a complaint in state court against Akal Security, Inc., the U.S. Marshals Service, and Michael Holman, alleging Title VII retaliation claims against Akal and the Marshals Service, defamation and false light invasion of privacy under Georgia law against Akal, and Georgia assault and battery claims against Holman. Akal and Holman removed the action to federal court. After more than two years of litigation, the district court granted summary judgment in favor of the defendants on all of Robinson's claims against Akal and the Marshals Service, leaving only the assault and battery claims against Holman. The court also denied Robinson's motions for summary judgment and partial summary judgment, and for sanctions against all three defendants. At Robinson's request, the court certified its partial judgment as final under Rule 54(b).

Robinson appealed both the partial judgment in favor of the defendants (along with the district court's rulings on his motions for sanctions) and the district court's denial of his motion to reconsider the judgment. We granted Robinson's motion to consolidate his appeals, and briefing is complete.

After the close of briefing, Robinson filed a motion seeking sanctions against Akal and Holman based on procedural errors made by their counsel during the course of these appeals, and

against the Marshals Service based on statements in its briefing and the docket labeling for its supplemental appendix, all of which Robinson claimed were false or misleading. Akal and Holman filed motions to recover their attorneys' fees incurred in responding to Robinson's motion for sanctions and his first motion to amend the motion for sanctions. Akal and Holman also moved to strike one of Robinson's briefs as an impermissible surreply.

We begin, as we must, by evaluating our jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998); *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (considering a district court's Rule 54(b) certification sua sponte "because such certifications implicate the scope of our appellate jurisdiction" (quotation omitted)). Then we address the parties' motions.

## II.

With some exceptions not relevant here, we have appellate jurisdiction to review only the "final decisions" of district courts within our Circuit. 28 U.S.C. § 1291. "To constitute a final decision, the district court's order generally must adjudicate all claims against all parties, thereby ending the litigation." *Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001). A district court "may direct the entry of a final judgment as to one or more, but fewer than all, of the claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

To certify a case under Rule 54(b), a district court must follow a two-step analysis. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). First, the court must determine that its judgment is a "final judgment." *Id.* at 7. A final judgment is a decision on a cognizable claim for relief that either completely disposes of a separable claim or entirely dismisses a party from the case. *Id.*; *Lloyd Noland Found., Inc.*, 483 F.3d at 777. The district court's judgment here was a "final judgment" because it completely resolved all of Robinson's claims against two of the three defendants.

Second, the district court must determine whether any "just reason for delay" exists. *Curtiss-Wright Corp.*, 446 U.S. at 8. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* In addressing this issue, a district court "must take into account judicial administrative interests as well as the equities involved." *Id.*; *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165–66 (11th Cir. 1997). Consideration of the former promotes the policy against piecemeal appeals while the latter limits certification "to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Ebrahimi*, 114 F.3d at 166. "As these factors will often suggest contrary conclusions, Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing

needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (quotation omitted); *see Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022).

Generally, we review the district court's assessment that there is no just reason for delay only for abuse of discretion. *Peden*, 50 F.4th at 977. We must "scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals," but we will disturb the court's assessment of the equities only if it was "clearly unreasonable." *Curtiss-Wright Corp.*, 446 U.S. at 10.

The district court here found that judicial administrative interests favored certification because Robinson's remaining claims against Holman for assault and battery required "a showing of law and fact distinct from" his claims against the other defendants. That is not entirely accurate. The facts surrounding the confrontation between Robinson and Holman are relevant not only to Robinson's assault and battery claims against Holman, but also to his claim that Akal should be held liable for the alleged assault and battery. And those facts are also relevant to Robinson's employment retaliation claims to the extent that the defendants rely on the confrontation as a nonretaliatory reason for Robinson's termination. The interests of efficient judicial administration would not be served by certification of the partial judgment because "we undoubtedly would be required to relearn the same set of facts if and when the case returned to us on appeal from the

district court's final judgment" on the assault and battery claims. *Ebrahimi*, 114 F.3d at 167.

Under the circumstances, the district court's assessment of the equities was clearly unreasonable. The sole basis for the court's conclusion that the balance of the equities weighed in favor of certification was that "Defendants Akal and Holman do not oppose certification under Rule 54(b)." But a lack of active opposition from the defendants cannot outweigh the additional burden of duplicative appeals on our "already overcrowded" docket. *Id.* at 168. The defendants' mere acquiescence to certification gives no indication that the parties have any pressing need for an immediate partial final judgment, or that any hardship or injustice would result if the litigation were permitted to follow the usual course to a final disposition of all claims. *See id.* at 166. Because we conclude that the district court abused its discretion in certifying its partial judgment as final under Rule 54(b), we must dismiss the consolidated appeals for lack of jurisdiction. *Lloyd Noland Found., Inc.*, 483 F.3d at 777.

## III.

Although we lack jurisdiction to consider the merits of these appeals, we may review "collateral" matters such as the imposition of costs, attorneys' fees, or sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990); *Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020). Motions for sanctions under our inherent powers to maintain control of the proceedings before us fall within our jurisdiction over collateral matters. *See Hyde*, 962

F.3d at 1310. Robinson's two motions to amend or supplement his motion for sanctions and Akal and Holman's motion to strike one of Robinson's filings likewise raise collateral matters unrelated to the merits of the appeal.

Robinson seeks sanctions against Akal and Holman under our inherent powers because they (1) moved to dismiss the appeal on the ground that Robinson had not met a briefing deadline, when Robinson's pending motion to consolidate the appeals had automatically stayed the briefing schedule; and (2) filed a notice of their intent to not file a surreply brief, when surreplies are not authorized in this Court in any event. To succeed on a motion for sanctions under our inherent powers, the movant must show subjective bad faith. *Id.* "This standard can be met either (1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct so egregious that it could only be committed in bad faith." *Id.* (quotation omitted). Robinson has shown, at best, errors based on negligence or ignorance of our rules. Sanctions are not warranted. *See id.* at 1311.

Robinson also seeks sanctions against the Marshals Service under our inherent powers, alleging that it committed fraud upon the Court by stating in its response brief that (1) "[t]here was no evidence of a collective bargaining agreement" for employees of Akal at the time of Robinson's employment, when the Marshals Service knew that a relevant agreement had been produced in discovery; (2) "there is no evidence in the record regarding the nature of the USMS's presence in the federal courthouse," when

two of its employees had testified that they worked in the federal building where the court is located and that the Marshals Service contracted with Akal to provide court security services; and (3) "USMS never issued a concurrence letter for Robinson," when correspondence in the record showed that the Marshals Service initially issued, and then retracted, a concurrence letter related to one of Robinson's coworkers who was disciplined at the same time as Robinson and for similar reasons. Robinson also asserted that the Marshals Service attempted to mislead the Court by (1) labeling or failing to label documents in its appendix in a way that Robinson believed "hid" the discovery responses that mentioned the collective bargaining agreement; (2) labeling (and later correcting) the docket entry for its supplemental appendix as filed on behalf of all the appellees, when the Marshals Service and the other appellees are not jointly represented; and (3) making statements in response to the Court's jurisdictional question implying that it had not had an opportunity to respond to Robinson's motion for Rule 54(b) certification.

Robinson has not shown that the attorneys representing the Marshals Service acted in bad faith. Read in context, the statements at issue were neither false nor misleading, and the ministerial errors he complains of were either insignificant or soon corrected (or both). Again, sanctions are not warranted. *See Hyde*, 962 F.3d at 1310–11.

Appellees Akal and Holman ask us to award sanctions against Robinson for filing his motion for sanctions, which they

characterize as frivolous and "beyond the limits of fair argument and disparaging and wholly improper." While we find no merit in Robinson's motion for sanctions, we are not persuaded that the motion was so clearly made in bad faith that we should sanction him for it. Robinson is representing himself, and although the appellees have indicated that he is a law student, he apparently was not an attorney at the time he filed the motion. Reading the motion generously because of his pro se status, we conclude that sanctions are not warranted at this time. We caution Robinson, however, that moving for sanctions based on opposing counsel's minor procedural errors or ambiguous wording is not only unlikely to succeed but also demonstrates a lack of professionalism and civility. If repeated, time-wasting motions of this sort may indeed result in sanctions.

Last, we consider Akal and Holman's motion to strike Robinson's December 29, 2021 filing. Robinson labeled the filing a "response" to the appellees' motion for attorneys' fees, but Akal and Holman contend that it was an impermissible surreply because Robinson had already responded to their request for attorneys' fees in the "reply" that he filed in support of his own motion for sanctions. We agree, and we therefore grant the motion to strike. *See* Fed. R. App. P. 27(a)(3) (providing for only one response to a motion).

## IV.

For the reasons stated in this opinion, we GRANT Akal and Holman's motion to strike Robinson's December 29, 2021

Response to Akal Security and Michael Holman's Cross-Motion for Attorneys' Fees.  We also GRANT Robinson's two motions to amend his motion for sanctions to the extent that we have considered the arguments therein.  Robinson's motion to impose sanctions is DENIED as amended, and Akal's and Holman's motions for attorney's fees are also DENIED.  We DISMISS the appeal for lack of jurisdiction and REMAND to the district court for further proceedings.

**DISMISSED and REMANDED.**