[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13349

Non-Argument Calendar

_____

VIRTUS PHARMACEUTICALS, LLC,

Plaintiff-Third Party
Defendant-Appellant,

*versus*

WOODFIELD DISTRIBUTION, LLC,

Defendant-Third Party
Plaintiff-Appellee,

RELIABLE HEALTHCARE LOGISTICS, LLC,

2                    Opinion of the Court                    24-13349

Defendant-Appellee,

ADAM RUNSDORF, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02427-WFJ-SPF

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Virtus Pharmaceuticals, LLC ("Virtus") appeals from the September 20, 2024, judgments entered in favor of Adam Runsdorf and Woodfield Pharmaceutical, LLC, as well as the October 15, 2024, judgment entered in favor of Woodfield Distribution, LLC. The district court certified the October 15 judgment for immediate appeal under Fed. R. Civ. P. 54(b).

The appellees move to dismiss this appeal for lack of juris-diction because the district court did not enter a final judgment and did not properly certify a judgment under Rule 54(b). Specifically, they argue that the court never considered or concluded that there was no just reason for delay to warrant an immediate appeal under

Rule 54(b) and, even if the court did conduct the necessary analysis, there is no basis in the record supporting an immediate appeal. Virtus responds that the district court properly certified its judgment in favor of Woodfield Distribution under Rule 54(b). Alternatively, it requests that we provide it leave to move the district court under Fed. R. Civ. P. 60(a) to amend that judgment so that the court can add an explicit conclusion that there is no just reason for delaying an immediate appeal.

The district court did not enter a final judgment in this case because it never adjudicated Counts 5 and 6 of Virtus's third amended complaint. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001) (concluding that a judgment was not final even though the sole unadjudicated claims were subject to an automatic bankruptcy stay). Therefore, this appeal may proceed only if the district court properly certified a judgment for immediate appeal under Rule 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012); Fed. R. Civ. P. 54(b).

The district court's Rule 54(b) certification is not invalid due to the lack of an explicit conclusion that there was no just reason for delay. The court did not need to include the magic words "no just reason for delay" in its Rule 54(b) judgment because the parties stated that there was no just reason for delay in their motion for approval of the Rule 54(b) judgment, and the court's grant of that motion is sufficient indication that it found that there was no just

4                        Opinion of the Court                    24-13349

reason for delay.  *See Denson v. United States*, 574 F.3d 1318, 1335 n.52 (11th Cir. 2009).

Nevertheless, we lack jurisdiction over this appeal because the district court abused its discretion in concluding that there was no just reason for delay.  *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722 (11th Cir. 2021).  Although we ordinarily accord deference to a district court's conclusion that there is no just reason for delay, we do not do so here because the court did not explain its conclusion "by clearly and cogently articulating its reasoning." *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997).  For that reason, we must dismiss this appeal if "a sound basis for the certification is not obvious" from the record.  *Id.* at 166-67.

No such basis is obvious here because this is not the type of "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* at 166.  Additionally, the unadjudicated claims are not "practically and logically distinct" from the adjudicated claims.  *See Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1369-70 (11th Cir. 1983) (quotation marks omitted).  The adjudicated and unadjudicated claims are interrelated because they all generally address the same underlying allegations concerning the contract between the appellees and Virtus and the seizure of Virtus's products that the appellees were storing.

Furthermore, none of the "special circumstances" that we have identified as warranting Rule 54(b) certification are present here. *See Doe #1*, 21 F.4th at 722-23; *Peden v. Stephens*, 50 F.4th 972, 979 (11th Cir. 2022). Specifically, this case does not concern multiple related consolidated cases, the case is not in an early stage of litigation considering its age and the completion of extensive discovery and dispositive motion proceedings, and there is a relatively small number of defendants. *See Doe #1*, 21 F.4th at 722-23. Ultimately, there is no indication that a delayed appeal "would cause anything other than inconvenience," which is an insufficient basis for Rule 54(b) certification. *See Peden*, 50 F.4th at 979.

Accordingly, we GRANT the appellees' motion to dismiss and DISMISS this appeal for lack of jurisdiction.