[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13025

Non-Argument Calendar

_____

WYNDHAM VACATION OWNERSHIP, INC.,
A Delaware corporation,
WYNDHAM VACATION RESORTS, INC.,
WYNDHAM RESORT DEVELOPMENT CORPORATION,
An Oregon Corporation,
SHELL VACATIONS, LLC,
An Arizona limited liability company,
SVC-AMERICANA, LLC,
An Arizona limited liability company, et al.,

                                        Plaintiffs-Appellees,

*versus*

2                      Opinion of the Court                    24-13025

SLATTERY, SOBEL & DECAMP, LLP,
a California limited liability partnership, et al.,

Defendants,

PANDORA SERVICING, LLC,
A Wyoming limited liability company,

Defendant-Cross Defendant-Appellant,

INTERMARKETING MEDIA, LLC,
A Wyoming limited liability company,
d.b.a. Resort Advisory Group,

Defendant-Cross Claimant-Appellant,

WILLIAM WILSON,
an individual and resident of the State of California
a.k.a. James Wilson,
a.k.a. Bo Wilson,
RICH FOLK,
an individual and resident of the State of California,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01908-WWB-EJK

_____

Before JORDAN, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

William Wilson, Richard Folk, Pandora Servicing, LLC ("Pandora Servicing"), and Intermarketing Media, LLC ("Intermarketing") appeal from the August 16, 2024, default judgment and associated August 14, 2024, order. That order granted in part the plaintiffs' motions for entry of a default judgment and for a permanent injunction. We refer to the plaintiffs collectively as "Wyndham."

A jurisdictional question asked the parties to address whether this appeal is taken from a final, appealable order. In particular, it asked them to address whether (1) Intermarketing's November 7, 2022, notice of voluntary dismissal of its cross-claims against Pandora Servicing and Pandora Marketing, LLC ("Pandora Marketing") was effective, and (2) Count 4 of Wyndham's amended complaint as to another set of defendants, referred to collectively as "the lawyer defendants," was fully resolved.

The appellants respond that the August 14 order "plainly provides all indicia of finality," although they acknowledge that Intermarketing's notice of voluntary dismissal may be ineffective.

They ask us to relinquish jurisdiction to the district court to resolve any finality issues if we conclude that we lack jurisdiction. Wyndham responds that this appeal is not taken from a final order because Intermarketing's notice was ineffective and the district court never resolved its claims against Pandora Marketing due to an automatic bankruptcy stay.

We lack jurisdiction over this appeal because it is not taken from a final, appealable order. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). The August 14 order and August 16 default judgment are not final because Intermarketing's notice of voluntary dismissal, which appears to be based on Rule 41(a)(1)(A)(i), was ineffective to dismiss its cross-claims, given that it was filed after Pandora Marketing and Pandora Servicing filed an answer to those cross-claims. *See CSX Transp., Inc.*, 235 F.3d at 1327; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012); Fed. R. Civ. P. 41(a)(1)(A)(i). Additionally, the district court never resolved Wyndham's claims against Pandora Marketing, and a case is not final under § 1291 if claims subject to an automatic bankruptcy stay are pending. *See Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001).

Further, although the district court concluded that Wyndham was entitled to an injunction as to the lawyer defendants and the parties submitted a proposed consent injunction, the court never entered that injunction. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (stating that an order is not final if "awarding of . . . relief remains to be resolved."). On the other hand, Count 4

of Wyndham's amended complaint as to the lawyer defendants is not pending because Wyndham effectively amended its operative pleading to drop that claim through its statement of withdrawal in the joint pretrial statement. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007); *State Treasurer of State of Mich. v. Barry*, 168 F.3d 8, 9-10 & n.4 (11th Cir. 1999).

Although the district court never entered a final order, the portion of the August 14 order granting Wyndham's motion for a permanent injunction is immediately appealable under 28 U.S.C. § 1292(a)(1). *See* 28 U.S.C. § 1292(a)(1); *Alabama v. U.S. Army Corps. of Eng'rs*, 424 F.3d 1117, 1127-29 (11th Cir. 2005). But we lack jurisdiction to review that interlocutory ruling because the notice of appeal is untimely as to it. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010). The appellants had until September 13, 2024, to file a notice of appeal to challenge the August 14 order, but they did not file their notice until September 16, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). The September 13, 2024, Rule 59 motion did not toll the appeal period because it was filed more than 28 days after the August 14 order. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (v); Fed. R. Civ. P. 59(b), (e).

Accordingly, we DISMISS this appeal for lack of jurisdiction.